# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00724-CR

**Orlando Gutierrez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 06-971-K26, HONORABLE JAMES E. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Orlando Gutierrez pleaded guilty to possession of a controlled substance with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2010). Under the terms of a plea agreement, the State recommended 10 years deferred adjudication subject to various conditions, and the district court accepted the plea agreement. Subsequent to being placed under deferred adjudication, Gutierrez was arrested twice for driving with an invalid license, *see* Tex. Transp. Code Ann. § 521.457 (West Supp. 2012), and once for possession of a controlled substance, *see* Tex. Health & Safety Code Ann. § 481.115 (West 2010). After his arrest for possession of a controlled substance, the State filed a motion to adjudicate alleging that Gutierrez had violated conditions of his community supervision. The district court held a hearing and ultimately concluded that Gutierrez had violated various terms of deferred adjudication. Accordingly, the district court concluded that Gutierrez was guilty of the crime of possession of a controlled substance with intent to deliver and

imposed a prison term of 15 years.  Gutierrez's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced.  *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Gutierrez's attorney sent Gutierrez a copy of the brief and advised him that he had the right to examine the record and file a pro se brief.  *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972).  After receiving a copy of his counsel's brief, Gutierrez filed a pro se brief.  *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (explaining that in *Anders* cases, appellate courts are not required to address merits of claims raised in pro se response).[1]

---

[1] We note that in the State's motion to adjudicate, it alleged that Gutierrez had committed several violations of the terms of his community supervision.  During the hearing regarding the State's motion, the State withdrew the first three alleged violations.  When the district court announced its judgment during the hearing, it stated that it was finding several of the State's alleged violations, including the ones that the State had withdrawn, to be true.  In his brief, Gutierrez's counsel states that although Gutierrez could argue that the district court erred by finding that the withdrawn allegations were true, any error would be harmless because "proof of only one violation is necessary to support a court's finding of guilt and decision to adjudicate" and because evidence was presented during the hearing that established the other violations alleged by the State that the district court also found to be true.  We agree that any error stemming from the district court's findings announced during the hearing would be harmless.  *See Smith v. State*, 286 S.W.3d 333, 342-43 (2009) (explaining that even if trial court erroneously found violation to be true, order revoking community supervision will be upheld if it is properly supported by one or more other grounds also found to be true).  Further, we note that when the district court listed the violations that it found to be true in its adjudication of guilt, which was prepared after the hearing, the district court did not include the alleged violations that

Having reviewed the record, the procedures that were observed, and Gutierrez's pro se brief, we agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[2]

_____

David Puryear, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   August 28, 2012

Do Not Publish

_____

were withdrawn by the State.

[2] No substitute counsel will be appointed. Should Gutierrez wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.